CHARLES J. SCHUCK, Judge,
dissenting.
The evidence adduced at the rehearing of this claim confirms in every particular the conclusions reached in my dissenting opinion and definitely shows that the overwhelming preponderance of the evidence is to the effect that the hole in question was highly dangerous to the traveling public; was six to eight inches deep and three or four feet wide; that it was difficult to see when traveling in the direction from Huntington to Charleston; was allowed to remain in its highly dangerous condition for a period of weeks before the accident; that previous repairs had been inadequate and that the repairs made on the day after the accident have been found good and sufficient, notwithstanding the fact that more than a year had elapsed from the date of the accident and final repairs to the time of the rehearing on the merits of the claim in this court.
*139 The majority opinion on rehearing, ratifying the original majority opinion, is based solely on the theory that the new evidence offered was cumulative in character and insufficient to change the former determination; cumulative evidence, yes, in quality, given by taxpayers and wholly disinterested, and, so far as we know, creditable witnesses, who have no interest in the outcome of the matter and undoubtedly prompted solely by a desire to do justice as between the parties directly involved; cumulative evidence sustaining and supporting every material allegation showing negligence and proving the right and justice of the widow’s claim; and cumulative evidence which was so qualitative as to make a good and sufficient case, without the consideration of the evidence presented in the original hearing; cumulative evidence, not merely quantitative or additional, but essential to every element of merit involving the claim here presented. I repeat that under these circumstances and the evidence, I would favor an award.